**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JUSTIN KELLER, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil Case No.: SAG-25-02474** |
| **MONROE CAPITAL CORP., *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs Justin Keller, Hailey Kardux, Patricia Bandy, Alexei Mack, and Richard Riley ("Plaintiffs") bring this action, on behalf of themselves and all others similarly situated, against Monroe Capital Corporation, Monroe Capital BDC Advisors, LLC, and Monroe Capital Management Advisors, LLC (collectively, "Monroe"), asserting various state and federal claims relating to contractual agreements between Plaintiffs and MV Realty PBC, LLC ("MV Realty"). ECF 21. On June 15, 2026, this Court issued a Memorandum Opinion ("the Opinion"), ECF 34, and Order, ECF 35, granting in part, denying in part, and deferring in part Monroe's Motion to Compel Arbitration, ECF 25. Plaintiffs have now filed a Motion for Reconsideration. ECF 37. Monroe opposes the motion, ECF 43, and Plaintiffs filed a reply, ECF 46. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Motion will be denied.

## I. BACKGROUND

The facts of this case have already been summarized in this Court's previous Memorandum Opinion, ECF 34, and are incorporated by reference here. In the Opinion, the Court ruled that Monroe's Motion to Compel Arbitration, ECF 25, was granted in regard to the Maryland-based Plaintiffs, denied in regard to the North Carolina-based Plaintiff, and deferred for limited discovery in regard to the Virginia-based Plaintiff. ECF 34 at 10. Plaintiffs

thereafter filed their Motion for Reconsideration, ECF 37, asking this Court to reconsider the order compelling Plaintiffs Keller, Kardux, and Riley ("Maryland Plaintiffs") and Plaintiff Mack ("Virginia Plaintiff") to arbitrate.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision" that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time" before entry of a final judgment. *See also Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991) (approving the trial court's reference to Rule 54(b) in reconsidering its ruling on the defendant's Rule 12(b)(6) motion to dismiss); *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013) ("Motions for reconsideration of an interlocutory order are governed by Federal Rule of Civil Procedure 54(b) . . . ."). In this Court, motions for reconsideration must be filed within fourteen days after the Court enters the order. Loc. R. 105.10.

While the Fourth Circuit has not clarified the precise standard applicable to motions for reconsideration, *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), it has stated that motions for reconsideration "are not subject to the strict standards applicable to motions for reconsideration of a *final* judgment" under Rules 59(e) and 60(b). *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (emphasis in original) (quoting *Am. Canoe*

[1] While Plaintiffs' Motion is styled as seeking reconsideration for the Maryland Plaintiffs and the Virginia Plaintiff, in Plaintiffs' briefing, they only seek relief in regard to the Maryland Plaintiffs. ECF 37-1 at 13. However, Plaintiffs also incorrectly state that "the Court compelled ... Alexei Mack ("Virginia Plaintiff") to arbitration," *id.* at 1, and clarify that "[w]hile this Motion specifically addresses the Maryland statute, it is intended to also broadly address issues regarding contract formation and equitable disparate impact ..., the extent it applies to the Virginia Plaintiff," *id.* at 1 n.1. To the extent that Plaintiffs seek reconsideration with regard to the Virginia Plaintiff, the Court rejects the request as it deferred ruling on the Motion to Compel Arbitration for the Virginia Plaintiff "in favor of limited discovery to obtain Mack's signed HBA, which cannot occur until an amended complaint is filed." ECF 34 at 10. Therefore, the remainder of this opinion will only address the Maryland Plaintiffs.

*Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)); *see Fayetteville Investors*, 936 F.2d at 1470 (expressing "vigorous[] disagree[ment]" with a trial court's use of a Rule 60(b) standard in reconsidering its previous order on a Rule 12(b)(6) motion). However, courts in this District frequently look to the standards used to adjudicate Rule 59(e) and 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration. *See, e.g.*, *Carrero*, 310 F. Supp. 3d at 583–84; *Butler*, 307 F.R.D. at 449; *Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 741 (D. Md. 2013); *see also Fayetteville Invs.*, 936 F.2d at 1470 (positively discussing a district court's reference, but not strict adherence, to the Rule 60(b) standards in reconsidering its prior ruling) (citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D. Pa. 1989)).

There are three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent a manifest injustice. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). However, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "[G]ranting a motion for reconsideration is an extraordinary remedy, which should be used sparingly." *Sullivan v. Washington Metro. Area Transit Auth.*, No. 19-00300, 2020 WL 5500185, at *2 (D. Md. Sept. 11, 2020); *see also Pac. Ins. Co.*, 148 F.3d at 403. "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]'" *Wagner v. Warden*, No. 14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, No. 14-91, 2015 WL

4937292, at * 2 (D.S.C. Aug. 18, 2015)). Ultimately, the decision to reconsider interlocutory orders rests in this Court's "broad discretion." *Am. Canoe Ass'n*, 326 F.3d at 515.

## III. DISCUSSION

Plaintiffs raise three arguments in support of reconsideration. First, they cite to a "newly enacted statute," Md. Code. Real Prop. § 14-903.1, which they argue renders their Homeowner Benefit Agreements ("HBA") "void and illegal" in Maryland. ECF 37-1 at 5. Second, Plaintiffs argue that the Court misunderstood and overlooked their challenges to the formation to the HBA contracts in its Opinion. *Id.* at 7. Third, Plaintiffs contend that treating Plaintiffs differently in each state "based on the pace or existence of executive or legislative corrective action" within that state creates "manifest injustice." *Id.* at 11.

### A. The Maryland Statute

Plaintiffs first seek reconsideration because they argue that "under a newly enacted Maryland statute, the Maryland Plaintiffs' HBAs are void and unenforceable." *Id.* at 1. And because, after applying the statute, the Maryland Plaintiffs' HBAs "are effectively not contracts at all," then "the arbitration agreements therein are unenforceable as a matter of law." *Id.* at 2.

The timing of this statute's enactment precludes Plaintiffs' argument. The intervening-change-in-law basis for a motion to reconsideration requires that the "intervening change in the law ... must postdate the decision that would otherwise constitute the law of the case." *Vivos Therapeutics, Inc. v. Ortho-Tain, Inc.*, 142 F.4th 1262, 1268 n.3 (10th Cir. 2025) (quoting Bryan A. Garner et al., *The Law of Judicial Precedent* 483 (2016) (internal quotation marks omitted)); *see also Pediatric Specialty Care, Inc. v. Ark. Dep't of Hum. Servs.*, 443 F.3d 1005, 1014 (8th Cir. 2006) (concluding that a Supreme Court decision was not intervening because it was issued 11 days before an appellate court's mandate and 10 days before appellate court's decision), *vacated as moot sub nom.*, *Selig v. Pediatric Specialty Care, Inc.*, 551 U.S. 1142 (2007); *United States v. Ortiz*, No. CR 11-251-08, 2018 WL 4006335, at *2 (E.D. Pa. Aug. 21,

2018) (denying a motion for reconsideration based on an "intervening" change in law that occurred in between the plaintiff filing his motion and the court issuing its ruling on the motion).

Here, the Maryland statute was enacted twenty days before this Court's Opinion issued. Md. Code Real Prop. § 14-903.1 was approved by the Maryland state legislature on May 26, 2026, and became effective on June 1, 2026. Despite this timing, Plaintiffs first notified this Court of the statute in their Motion for Reconsideration brief filed on June 29, 2026. *See* ECF 37-1. Plaintiffs had several opportunities to notify this Court of the statute prior to that date. This Court scheduled a hearing on the Motion to Compel Arbitration on May 12, 2026, with the hearing date set for June 1, 2026. ECF 31. On May 28, 2026, after the statute was enacted, Plaintiffs filed a Notice of Supplemental Authority, which made no mention of Md. Code Real Prop. § 14-903.1. *See* ECF 32. At the hearing on June 1, 2026, Plaintiffs also made no mention of the Maryland statute. *See* ECF 36. Plaintiffs also did not notify the court of the statute in the two weeks between the motion hearing and this Court issuing its decision on June 15, 2026.

Plaintiffs argue that it would be "patently unreasonable" to "expect Plaintiffs to have tracked the legislation day-by-day such that they could have alerted the Court on the morning of the hearing." ECF 46 at 14. However, Plaintiffs cite to no cases where courts have allowed reconsideration on the basis of a pre-existing statute that a party could have raised before the court's ruling. In fact, courts evaluating motions for reconsideration frequently emphasize that such motions should not give a party "a second bite at the apple." *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.*, 33 F.3d 390, 395 (4th Cir. 1994); *cf. Bethany Boardwalk Grp. LLC v. Everest Sec. Ins. Co.*, No. 20-2319, 2022 WL 12324609, at *6 (4th Cir. Oct. 21, 2022) (per curiam) ("[A] motion to reconsider is not an opportunity for a losing party to present evidence that it could have presented before the adverse ruling."). Additionally, "[w]hen parties file a motion with the court, they are obligated to insure that it is complete with respect to facts, law

and advocacy," *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001), because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (internal quotations omitted).

Based on these principles, Plaintiffs have failed to demonstrate that reconsideration is warranted based on Md. Code Real Prop. § 14-903.1.

**B. Contract Formation**

Plaintiffs next argue that reconsideration is warranted because "the Court did not consider or address Plaintiffs' challenges to whether the HBA arbitration provisions were formed." ECF 37-1 at 2. Specifically, Plaintiffs contend that their Opposition brief and position at oral argument argued that the arbitration agreements in the HBAs were never properly formed because they were illusory and Plaintiffs never specifically assented to arbitrate with Defendants.

A court can reconsider its decision where "the Court has patently misunderstood a party." *Tillman v. Highland Indus., Inc.*, No. 4:19-CV-02563, 2021 WL 11880631, at *5 (D.S.C. May 4, 2021), *adhered to on denial of reconsideration*, No. 4:19-CV-02563, 2021 WL 11880613 (D.S.C. June 28, 2021) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191–92 (7th Cir. 1990)) (internal quotation marks omitted).

Here, where Plaintiffs themselves were unclear as to their argument and changed positions between submitting their brief and the motion hearing, it is not clear that this Court "patently misunderstood" Plaintiffs' arguments. In their brief in opposition to Monroe's Motion to Compel, Plaintiffs clearly argue that the HBAs and their arbitration clauses are "unconscionable and unenforceable," and they raise no challenges to the formation of the HBAs. ECF 26 at 1. At oral argument, Plaintiffs' counsel stated for the first time that they were

challenging the formation of the HBAs. *See* ECF 36. Plaintiffs' counsel noted that their "briefing was less than precise," but clarified that "all the arguments that [Plaintiffs] made as to procedural unconscionability" should instead "apply to that lack of mutual assent," which is a contract formation issue. *Id.* at 19–20. Plaintiffs' counsel further stated that: "I think that some of the issues of unconscionability cross over, and they can also go to formation but not all." *Id.* In their Motion for Reconsideration, Plaintiffs also admit that "[i]n their Opposition, Plaintiffs discussed the illusory nature of the arbitration agreements in the context of substantive unconscionability. Admittedly, in hindsight, Plaintiffs should have made clear that MVR's illusory promise goes to the issue of contract formation rather than contract validity." ECF 37-1 at 8 n.4.

This to say, the arguments that Plaintiffs made to challenge the HBAs, and their change in position from their opposition brief to oral argument, were muddled. It is not clear that this Court "patently misunderstood" the contradictory arguments made by Plaintiffs, and a motion for reconsideration is not a tool for parties to refine and clarify their arguments which fell flat the first time they were made. Therefore, the Motion for Reconsideration will be denied on this basis.

However, even assuming that the Court did "patently misunderstand" Plaintiffs' arguments and improperly overlooked Plaintiffs' formation arguments, the Court also disagrees with those arguments on the merits: (1) illusoriness, and (2) mutual assent. *See id.* at 7–11.

**a. Illusory Agreement to Arbitrate**

First, the Court finds that the arbitration agreements with the HBAs were not illusory because there was sufficient consideration and mutual assent to render the contracts properly formed. Plaintiffs argue that the mutuality of the promise to arbitrate was illusory because MV Realty "reserved the unilateral right to use the courts, through lis pendens actions," while

binding homeowners to arbitrate. ECF 26 at 1. Under Florida law, a contract is illusory, and therefore not properly formed, when "one of the promises appears on its face to be so insubstantial as to impose no obligation at all on the promisor—who says, in effect, 'I will if I want to.'" *Princeton Homes, Inc. v. Virone*, 612 F.3d 1324, 1331 (11th Cir. 2010) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1311 (11th Cir. 1998)) (internal quotation marks omitted). Further, "[w]here one party retains to itself the option of fulfilling or declining to fulfill its obligations under the contract, there is no valid contract and neither side may be bound." *Pier 1 Cruise Experts v. Revelex Corp.*, 929 F.3d 1334, 1347 (11th Cir. 2019) (alteration in original) (quoting *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 6 (Fla. 1984)) (internal quotation marks omitted).

Plaintiffs cite to two cases to support their illusoriness argument. First, Plaintiffs cite *Princeton Homes, Inc. v. Virone*, 612 F.3d 1324 (11th Cir. 2010) in which the court, applying Florida law, found that a construction agreement conditioned upon the defendant obtaining a building permit by an unspecified date and completing the project within an ambiguously defined time period set by the defendant was illusory. Second, Plaintiffs cite to *Bellsouth Mobility LLC v. Christopher*, 819 So. 2d 171 (Fla. Dist. Ct. App. 2002), which they characterize as: "a similar situation in which one party reserved for itself the exclusive right to the courts, and the courts held that that rendered the promise to arbitrate elusory [sic]." ECF 36 at 21–22. However, in *Bellsouth Mobility*, the court did not address whether the arbitration agreement was illusory, and it only found that the agreement was substantively unconscionable because it limited the defendant's liability to actual damages and exposure to a class action, and bound customers to arbitration when the defendant still had "the option of pursuing court action in some instances, including the collection of a debt." 819 So. 2d at 173.

Neither case supports Plaintiffs' argument. The HBAs do not permit MV Realty full access to the courts. They only carve out lis pendens actions from arbitration, which merely

provide "notice" to the public of a dispute, must be filed in court, and do not entail seizing control of an asset. ECF 30 at 9 (first citing Md. Rule 12-102(a), and then citing *Bray v. Landergren*, 172 S.E. 252, 256 (Va. 1934) ("A *lis pendens* is not a seizure.")). This narrow limitation differs from the wholly one-sided "I will if I want to" promise in *Princeton Homes*, where defendants had no obligation to do anything at all. And in *Bellsouth Mobility*, the court never addressed the issue of illusoriness or contract formation and instead resolved the case on unconscionability grounds – the same grounds Plaintiffs advanced in their Opposition to Defendants' Motion to Compel Arbitration, ECF 26, and the same grounds which this Court found to be properly delegated to the arbitrator under the HBAs in its Opinion, ECF 34.

Therefore, upon reconsideration, the Court finds that the HBAs and their arbitration agreements were not illusory and were properly formed. Any issues regarding unconscionability are reserved for the arbitrator under the HBAs and are not for this Court to decide. *See* ECF 21-2 and 21-3 at 5 ("[T]he arbitrator shall (i) resolve all disputes and issues between the Parties, including all issues of arbitrability and the validity and enforceability of this Arbitration Provision . . . .").

**b. Mutual Assent to Arbitrate with Defendants**

Second, the Court disagrees with Plaintiffs' contention that they "never assented or promised to arbitrate any disputes *with Defendants*, thus precluding the formation of an agreement to arbitrate the instant dispute." ECF 37-1 at 9–10 (emphasis in original). Plaintiffs assert that *Kroma Makeup EU, Ltd. Liab. Co. v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351 (11th Cir. 2017) and Florida law control the question of whether Plaintiffs assented or promised to arbitrate their claims against Defendants, which they assert is a contract formation question. *Id.* at 10.

However, the Court agrees with Defendants' argument and the reasoning applied in its Opinion: "Plaintiffs conflate these distinct questions: whether they assented to an arbitration

agreement (which they plainly did) and who may enforce it (which is not a formation question)." ECF 43 at 11. And "[b]ecause, as discussed above, an agreement was formed, Maryland law governs the [second] question under the choice-of-law provision." ECF 34 at 7. Therefore, Maryland's, rather than Florida's, doctrine of equitable estoppel will apply. Under Maryland law, a non-signatory can rely on equitable estoppel to enforce an arbitration agreement (1) "when the signatory to a written agreement containing an arbitration clause must rely on the terms of the . . . agreement in asserting its claims against the nonsignatory" and (2) when the signatory "raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories." *Am. Bankers Ins. Grp., Inc. v. Long*, 453 F.3d 623, 627 n.3 (4th Cir. 2006). And as this Court found in its Opinion:

> Here, both of those elements exist. Although the Maryland Plaintiffs do not in any way seek to enforce the language of the HBAs, the claims they assert make frequent reference to and presume the existence of the HBAs. And, there can be no doubt that the Maryland Plaintiffs raise allegations of substantially interdependent and concerted misconduct by MV Realty and Monroe – that is the entire basis of the Plaintiffs' claims against Monroe. Accordingly, while Plaintiffs will be entitled to raise all of their arguments about the validity and enforceability of the HBAs within the context of the arbitrations, Monroe's motion to compel arbitration will be enforced as to Plaintiffs Keller, Kardux, and Riley.

ECF 34 at 9.

Therefore, upon reconsideration, the Court again finds that the equitable estoppel question is distinct from formation, and in the absence of a properly lodged challenge to the formation of the arbitration agreement, that the doctrine of equitable estoppel precludes Plaintiffs' argument.

**C. Manifest Injustice**

Plaintiffs' final argument for reconsideration is rooted in the manifest injustice prong of the motion for reconsideration standard. They argue that "reconsideration is also warranted

because the Court, sitting in equity, should not treat differently plaintiffs in certain states based on the pace or existence of executive or legislative corrective action." ECF 37-1 at 11.

The Court disagrees because Plaintiffs misunderstand the "manifest injustice" standard. Rather than allowing the Court to use its equity powers to reach the most "just" outcome, "manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]'" *Wagner*, 2016 WL 1169937, at *3 (quoting *King*, 2015 WL 4937292, at * 2). Under this standard, the Court cannot decide to treat all Plaintiffs from different states the same in the interest of equity when the law differs among each state. It is not the role of this Court to remedy differences between state laws and state corrective actions for the purpose of allowing a multi-state class action to proceed in a single forum. Accordingly, Plaintiffs' Motion for Reconsideration is also denied on these grounds.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration, ECF 37, is DENIED. A separate Order follows.

Dated: October 6, 2026

/s/
Stephanie A. Gallagher
United States District Judge